IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **DOMIENCK A. REED, #44896** | § | |
| | § | |
| VS. | § | CIVIL NO. 4:25-CV-606 |
| | § | |
| **DAVIS C. TURNER, JR.** | § | |

**MEMORANDUM OPINION AND ORDER**

Pro se plaintiff Domienck A. Reed filed a civil-rights action under 42 U.S.C. § 1983. Dkt. 1. The action was assigned to me in accordance with the Standing Order Assigning Prisoner Civil Rights Cases Filed in the Sherman Division to a Magistrate Judge. Dkt. 2. Reed consented to have a magistrate judge conduct all proceedings. Dkt. 4.

Mail that was sent to Reed was returned marked "Return to Sender-Not Deliverable as Addressed-Unable to Forward" and "Inmate Released." Dkt. 9. It is Reed's responsibility to notify the clerk of court of his new address. *See* E.D. Tex. Loc. R. CV-11(d). Reed has not updated his address with the court; accordingly, he has failed to prosecute his case. Fed. R. Civ. P. 41(b).

The exercise of the power to dismiss for failure to prosecute is committed to the sound discretion of the court; appellate review is only for abuse of that discretion. *Green v. Forney Eng'g Co.*, 589 F.2d 243, 247 (5th Cir. 1979); *Lopez v. Aransas Cnty. ISD*, 570 F.2d 541, 544 (5th Cir. 1978). Not only may a district court dismiss for want of prosecution upon motion of a defendant, but it may also dismiss an action sua sponte when necessary to achieve the orderly and expeditious disposition of a case. *Anthony v. Marion Cnty. Gen. Hosp.*, 617 F.2d 1164, 1167 (5th Cir. 1980). In this case, Reed has failed to update the court with his current address, preventing the court from communicating with him. He has failed to diligently prosecute his case. Therefore, the case will be dismissed for failure to prosecute. Fed. R. Civ. P. 41(b).

It is **ORDERED** that the case is **DISMISSED** without prejudice. Fed. R. Civ. P. 41(b).

So **ORDERED** and **SIGNED** this 8th day of September, 2025.

_____
Bill Davis
United States Magistrate Judge